[Crim. No. 9990. Third Dist. Aug. 28, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE CLAYTON WALLACE, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Richard L. Phillips, Deputy State Public Defender, Jerome S. Stanley and Christopher H. Wing for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ramon M. de La Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

EVANS, J.—Defendant appeals from a judgment which determined that he had suffered a prior felony conviction. The court sentenced him to state prison for the term prescribed by law and ordered him delivered into the custody of the Director-of Corrections.

The judgment appealed from followed a prior appeal of defendant's conviction, upon a plea of guilty, to violation of Penal Code section 12021, possession of a concealable firearm by one previously convicted of a felony, and admission of a charged prior felony conviction. Upon that appeal, this court affirmed defendant's conviction for violation of Penal

Code section 12021, but held that defendant had not been apprised of his constitutional rights prior to admitting his prior felony conviction (*In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 516]). We remanded the case to the trial court with directions to resentence defendant after a limited new trial on the question of his prior conviction. Defendant was imprisoned during the pendency of the first appeal, and was paroled on the Penal Code section 12021 conviction on May 16, 1978.

The limited new trial, commenced June 12, 1978, and on August 4, 1978, the judgment from which this appeal is taken was entered. Execution of the sentence was temporarily stayed, and defendant was admitted to bail on appeal and continued serving his parole while on bail pending the conclusion of this appeal. Defendant successfully completed his parole and was discharged from the California Department of Corrections on May 25, 1979; his bail status continues.

█ It is defendant's contention that he should not be ordered delivered to the Department of Corrections since his presentence credit equals or exceeds the sentence which may be imposed under Penal Code section 1170. Defendant is correct.

The possible occurrence of situations such as here presented has been acknowledged by the Community Release Board; Administrative Directive No. 79/16, issued June 22, 1979, provides a procedure for resolving cases, such as this, where the amount of preprison credit is equal to or exceeds that which would be set by the board under Penal Code section 1170.2, subdivision (a). The text of that directive is set out in the margin.[1]

---

[1] "An increasing number of persons committed to state prison under the Indeterminate Sentencing Law have sufficient preprison credit (Penal Code sections 2900.1 and 2900.5) to equal or exceed the determinate term that could be set by the board under Penal Code section 1170.2, subdivision (a). Rather than delivering these persons to the Department of Corrections for the retroactive calculation of the determinate term, the court may commit the person to state prison for the term prescribed by law and send all necessary documents to the appropriate Reception Center. The defendant should be retained in local custody pending board action.

"Upon receipt of the documents, the board will calculate the determinate term and screen the case for an extended term hearing. If the person is not overdue for release or if the person is scheduled for an extended term hearing, the Correctional Case Records Manager at the Reception Center shall notify the sentencing court that the person must be delivered to the Department of Corrections. This notification shall include a copy of the CDC Form 678 or CRB Form 1091, Screening Form.

"If the person is not scheduled for an extended term hearing and is overdue for release on the date calculated under Penal Code section 1170.2(a), the Correctional Case Records Manager shall notify the court that the person has completed the prison term and should be released from custody. This notification shall include a copy of the CDC Form 678

Inasmuch as the foregoing is dispositive of the matter, we need not discuss defendant's remaining claim of error which also relates to sentencing.

The judgment, insofar as it states that the prior felony conviction was alleged and proven, and insofar as it sentences defendant to state prison for the term prescribed by law, is affirmed; however, that portion of the judgment which directs defendant to be delivered to the custody of the Department of Corrections is vacated; the trial court is directed to transmit all necessary documents to the appropriate reception center, pursuant to Community Release Board Directive No. 79/16. The defendant is to be continued on bail pending action of the Community Release Board.

Puglia, P. J., and Reynoso, J., concurred.

---

signed by the board. The person shall be discharged effective on the date of the board's action setting the term. The prison commitment will qualify as a prior prison term under Penal Code section 667.5."