114 Cal.Rptr.2d 139 (2001)
94 Cal.App.4th 209
James PERACCHI, Petitioner,
v.
The SUPERIOR COURT of Fresno County, Respondent;
The People, Real Party in Interest.
No. F038251.
Court of Appeal, Fifth District.
December 6, 2001.
Review Granted March 27, 2002.
*140 David A. Gottlieb, Fresno, for Petitioner.
No appearance for Respondent.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, J. Robert Jibson, Anthony L. Dicce and Janine R. Busch, Deputy Attorneys General, for Real Party in Interest.

OPINION
CORNELL, J.
Petitioner challenges the denial of his Code of Civil Procedure[1] section 170.6, subdivision (2) motion to disqualify the trial judge following an appeal and remand for resentencing. We agree with petitioner that the trial court erred in denying the motion to disqualify the trial judge, and we will reverse.

PROCEDURAL SUMMARY
A jury convicted petitioner of one count of felony evading a peace officer and one count of ex-felon in possession of a firearm. The court found true the allegations that petitioner had suffered two prior serious felony convictions and sentenced petitioner to two 25 years to life terms. On appeal, this court reversed one of petitioner's *141 felony convictions and "remanded for retrial on that count, if the prosecutor so elects, and for resentencing."
Petitioner was scheduled for a hearing on May 24, 2001. Approximately 10 days before the scheduled hearing, counsel for petitioner was notified that Judge Lawrence Jones, the original trial judge, was assigned to rehear this case upon remand. Petitioner thereafter filed a declaration of disqualification under Civil Code of Procedure section 170.6, subdivision (2).
The hearing commenced as scheduled on May 24, 2001. Deputy District Attorney Dennis Peterson advised the court that the People had decided not to proceed to retrial on the reversed count. Consequently, Judge Jones ruled that the section 170.6 motion was not proper and set the matter for resentencing on July 10, 2001.
On June 4, 2001, petitioner filed a petition for writ of mandate/prohibition asking this court to issue a peremptory writ of mandate or prohibition directing respondent court to vacate its order denying petitioner's motion pursuant to section 170.6, subdivision (2) and enter a new order granting the motion. On June 28, 2001, this court issued an alternative writ directing respondent to either vacate its order denying petitioner's motion to disqualify the Honorable Lawrence Jones pursuant to section 170.6, subdivision (2), and enter a new order granting the request or to show cause why the requested relief should not issue.
On July 5, 2001, respondent elected to show cause. This court then stayed the July 10, 2001, resentencing hearing.

DISCUSSION
Section 170.6, subdivision (2) provides, in pertinent part:
"A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter."
The right to disqualify a judge under section 170.6 is without regard to actual prejudice. (McCartney v. Commission on Judicial Qualifications (1974) 12 Cal.3d 512, 531, 116 Cal.Rptr. 260, 526 P.2d 268 (McCartney), overruled on other grounds in Spruance v. Commission on Judicial Qualifications (1975) 13 Cal.3d 778, 779, fn. 18, 119 Cal.Rptr. 841, 532 P.2d 1209 and Doan v. Commission on Judicial Performance (1995) 11 Cal.4th 294, 325, 11 Cal.App.4th 474A, 45 Cal.Rptr.2d 254, 902 P.2d 272.) Good faith belief in prejudice is sufficient. (McCartney, supra, 12 Cal.3d 512, 116 Cal.Rptr. 260, 526 P.2d 268.) A trial court's erroneous denial of a motion to disqualify is an abuse of discretion. (Zilog, Inc. v. Superior Court (2001) 86 Cal. App.4th 1309, 1315, 104 Cal.Rptr.2d 173.)
The trial court denied the motion for disqualification based on the People's decision not to proceed to retrial on the charge of evading a police officer. Real Party in Interest reasons in light of the strict sentencing guidelines, the task of resentencing petitioner is but a ministerial act.
In Stegs Investments v. Superior Court (1991) 233 Cal.App.3d 572, 284 Cal.Rptr. 495, the Second District Court of Appeal was confronted with the question of whether the above quoted language of section 170.6, subdivision (2) applies when a matter was remanded "`to afford defendants [petitioners] an opportunity to present evidence as to the circumstances under which the parties entered into the written partnership agreement,'" and not for a new trial. (Id. at p. 574, 284 Cal.Rptr. 495.) The Second District noted that "[t]he amendment was `intended to permit a party to challenge a judge who had been *142 assigned to conduct the "new trial" of the case in which his or her decision was reversed on appeal. The term "new trial" is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest).' (Assem. Com. on Jud. Analysis of Assem. Bill No. 1213, as amended May 15, 1985.)" (Id. at p. 576, 284 Cal.Rptr. 495.)
In finding that section 170.6 applies to the facts presented, the court reasoned "[t]he respondent court rejected petitioners' affidavit pursuant to section 170.6, concluding that the section did not apply because the case was remanded for consideration of a `limited issue.' The legislative history of the 1985 amendment suggests that the applicability of that section does not turn on the [sic] whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court's function is merely a ministerial act (such as recalculation of interest), the 1985 amendment does not apply. If, however, the court must conduct an actual retrial, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit filed pursuant to section 170.6. In the case at bench, the trial court was called upon to retry the case, albeit on a single issue." (Id. at p. 576, 284 Cal. Rptr. 495.)
In Hendershot v. Superior Court (1993) 20 Cal.App.4th 860, 863, 24 Cal.Rptr.2d 645, the Second District Court of Appeal followed Stegs and held that a remand order for resolution of factual issues related to a motion for restitution of an amount of the judgment paid by the defendant, who prevailed on appeal, called for a "new trial" within the meaning of section 170.6, subdivision (2).
The court explained: "Our remand to the trial court was not for the purpose of causing it to perform a ministerial act, such as the execution of a mathematical calculation. It was, instead, for the purpose of receiving evidence and resolving a factual issue: whether, in paying the amount of the judgment against him, Hendershot acted for himself alone or for the Shadowood Corporation. The purpose of the 1985 amendment is served by recognizing its application to this situation, in which the trial judge might be perceived as holding a bias against the party that had successfully pressed the appeal that led to reversal of the earlier judgment. That purpose would be thwarted by a construction that renders the statute inapplicable to the trial on remand." (Id. at p. 864, 24 Cal.Rptr.2d 645.) The court summarized: "Finally, our construction and application of the amendment is consonant with the established rule that section 170.6, in guaranteeing a litigant the extraordinary right to disqualify a judge, should be liberally construed to effect its objects and to promote justice." (Id. at p. 865, 24 Cal.Rptr.2d 645.)
At the resentencing hearing here, the judge's discretion is significant. The judge may rehear evidence regarding the appropriate sentence for petitioner and will have the opportunity to exercise his discretion in regard to such matters as striking a prior serious or violent felony. The policy behind section 170.6, to avoid possible bias by a trial judge who has been reversed on appeal, will best be served by interpreting "new trial" to encompass this resentencing.
The dissent raises valid concerns about the application of section 170.6 to all resentencings after remand. However, as discussed above, the proper approach is to focus on the function the judicial officer is to perform upon remand, rather than simply the nature of the hearing at issue. *143 Such an approach requires a case by case analysis.
This holding is based on what decisions the trial court judge in this case is going to make on remand and not on the general nature of resentencings on remand.

DISPOSITION
Let a peremptory writ of mandate issue directing the Fresno County Superior Court to vacate its order in action number 571767-3 dated May 24, 2001, denying the motion to disqualify Judge Jones and enter a new order granting the motion.
I CONCUR: POLLEY, J.[]
ARDAIZ, P.J.
I respectfully dissent.
Code of Civil Procedure section 170.6, subdivision (2) allows a party to make a peremptory motion to disqualify a judge "following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter." (Italics added.)[1] The question presented is whether a trial judge is assigned to conduct "a new trial on the matter" where, as here, the Court of Appeal has reversed one of a criminal defendant's felony convictions, "remanded for retrial on that count, if the prosecutor so elects, and for resentencing," and the prosecutor has elected not to retry the reversed count. I conclude that, under such circumstances, a remand for resentencing does not constitute a "new trial on the matter"; hence, the second paragraph of section 170.6, subdivision (2) does not apply. In my view, neither the statutory language (which was added by Stats.1985, ch. 715, § 1, p. 2351) nor the legislative purpose behind the 1985 amendment, equate "new trial" with a remand for resentencing. To conclude otherwise would result in the doing away with long-established procedural rules, a consequence I do not believe should occur absent a much more explicit legislative direction than is contained in the current statute. To the extent Stegs Investments v. Superior Court (1991) 233 Cal.App.3d 572, 284 Cal.Rptr. 495 (Stegs) and its progeny (such as Hendershot v. Superior Court (1993) 20 Cal.App.4th 860, 24 Cal.Rptr.2d 645) can be read as allowing such a result, I conclude they have too broadly interpreted the statutory language and legislative intent.
Originally, section 170.6 did not permit a party peremptorily to challenge a trial judge following reversal on appeal of that judge's decision. In late 1984, however, an attorney asked the Affirmative Action Legislative Committee to sponsor an amendment to the statute. The attorney related that he had tried a wrongful death case, during which he had fought with the trial judge. Although his client obtained a verdict in her favor, the attorney appealed on grounds which included judicial misconduct. The judgment was reversed (albeit on other grounds), but the case was reassigned to the same judge. The attorney filed a peremptory challenge, which the trial judge denied as untimely. The Court of Appeal denied writ review, and a challenge for cause was also unsuccessful. During the second trial, the judge made rulings which assertedly were cause for reversal; however, the client, who had young children, could not wait three more years for another appeal. According to *144 the attorney, the judge cost the widow and her children $1 million. As a result, the attorney asked the committee to sponsor a bill expanding the statute "to the retrial situation." (Ned Good, Atty. at Law, letter to Jim Frayne, Esq., Oct. 4, 1984.)
During the 1985-1986 Regular Session of the Legislature, Assembly Member Robinson introduced Assembly Bill No. 1213. As introduced, the bill would have amended section 170.6, subdivision (2) to add: "Following reversal on appeal of a trial court's decision, a motion under this paragraph may be made, upon assignment of the trial judge in the prior proceedings to rehear the matter, at any time promptly after the party or the party's attorney has been notified of the assignment." (Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as introduced Mar. 4, 1985; original italics deleted; italics added.)
The concept of rehearing a matter is very broad and would appear to cover all situations in which an appellate court remands an issue to a trial court. As amended and finally enacted, however, the pertinent portion of the statute read: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (Stats.1985, ch. 715, § 1, p. 235, italics added.)
The concept of a new trial connotes the trying anew of an action on the issues raised by the pleadings. In my view, the Legislature's recognition of this fact is implicit in its pre-enactment analysis of the 1985 amendment to section 170.6: "This bill is intended to permit a party to challenge a judge who has been assigned to conduct the `new trial' of the case in which his or her decision was reversed on appeal. The term `new trial' is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest)." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 15, 1985, p. 2, italics added.) A remand for resentencing does not result in the case being retried. Instead, the matter is returned to the trial court with instructions to perform a specific taskresentence the defendant.
Stegs states: "The legislative history of the 1985 amendment suggests that the applicability of [section 170.6] does not turn on the [sic] whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court's function is merely a ministerial act (such as the recalculation of interest), the 1985 amendment does not apply. If, however, the court must conduct an actual retrial, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit filed pursuant to section 170.6." (Stegs, supra, 233 Cal.App.3d at p. 576, 284 Cal.Rptr. 495.)
I disagree. I find nothing in the history of the 1985 amendment to suggest the Legislature intended to permit what would essentially amount to bifurcated trials of limited issues. Instead, the legislative materials consistently refer to a new trial or retrial of the case. A "case" encompasses many "issues." Had the Legislature intended a peremptory challenge to be available upon any reversal, no matter how limited, presumably it would have seen no need to amend Assembly Bill No. 1213 so as to replace "rehear" with "new trial."
Moreover, I disagree with Stegs's conclusion that, by its reference to the recalculation of interest, the Legislature necessarily intended to exclude from the ambit of the amendment only ministerial acts. "`[W]here the law prescribes and defines *145 the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves the exercise of discretion and judgment it is not to be deemed merely ministerial.' [Citation.]" (Widdows v. Koch (1968) 263 Cal.App.2d 228, 239, 69 Cal.Rptr. 464.) Certainly, the recalculation of interest can be a ministerial act (see, e.g., Los Angeles National Bank v. Bank of Canton (1995) 31 Cal.App.4th 726, 746, 37 Cal.Rptr.2d 389; McNabb v. McNabb (1941) 47 Cal.App.2d 623, 627, 118 P.2d 869); however, there are situations in which the initial award and calculation of interest involve the making of factual determinations and the exercise of discretion (see, e.g., Civ.Code, § 3287, subd. (b); Redevelopment Agency v. Gilmore (1985) 38 Cal.3d 790, 802-807, 214 Cal.Rptr. 904, 700 P.2d 794; Sternwest Corp. v. Ash (1986) 183 Cal.App.3d 74, 76-77, 227 Cal.Rptr. 804). It stands to reason that a remand for recalculation in those situations may also involve factual determinations and the exercise of discretion and, hence, not be merely ministerial.
What constitutes a "new trial" is not defined in section 170.6, but traditionally has been determined by reference to section 656, which states: "A new trial is a reexamination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." (See Hendershot v. Superior Court supra, 20 Cal.App.4th at pp. 864-865, 24 Cal.Rptr.2d 645.)[2] In Carney v. Simmonds (1957) 49 Cal.2d 84, 88-91, 315 P.2d 305, the California Supreme Court made it clear that the term is to be broadly construed, so that a new trial may properly be granted where issues of law, as well as issues of fact, are tried. Accordingly, the Supreme Court approved using motions for new trial in a wide variety of situations, including judgments of dismissal after a demurrer has been sustained; judgments of dismissal generally; judgments on the pleadings; judgments on agreed statements of ultimate facts; sustaining of objections to the introduction of evidence for reasons including failure of the complaint to state a cause of action, followed by a judgment for the defendant; judgments of nonsuit; and judgments on directed verdicts. (Ibid.)
However, section 657 (and, by analogy, section 656) "has no application in a criminal context....." (People v. McGee (1991) 232 Cal.App.3d 620, 626, 283 Cal. Rptr. 528; cf. People v. Capps (1984) 159 Cal.App.3d 546, 552, 205 Cal.Rptr. 898.) Thus, while section 170.6 expressly applies equally to civil and criminal cases (§ 170.6, subd. (1)), a determination of what constitutes a "new trial" within the meaning of subdivision (2) of the statute necessarily differs depending on whether a civil or criminal action is at issue. In the criminal context, "[a] new trial is a reexamination of *146 the issue in the same Court, before another jury, after a verdict has been given." (Pen.Code, § 1179.) Pursuant to section 1180 of the Penal Code, "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the accusatory pleading." Penal Code section 1181 sets out the grounds on which a new trial may be granted.[3] The provisions of the Penal Code are not as broad as those of the Code of Civil Procedure. (Williams v. Bridges (1934) 140 Cal.App. 537, 540-541, 35 P.2d 407.)
People v. Domenzain (1984) 161 Cal. App.3d 619, 207 Cal.Rptr. 724 makes it clear that the Penal Code does not equate resentencing with a new trial or retrial of the case. In Domenzain, the defendant's conviction was affirmed, but the matter was remanded for resentencing. The defendant was not resentenced for nine months. On his second appeal (following the resentencing), he claimed the trial court's failure to resentence him within 60 *147 days required dismissal of the case under Penal Code section 1382.[4] The appellate court disagreed, finding that "[although Domenzain may correctly assert sentencing is part of speedy trial, the language, history, and context of [Penal Code] section 1382 preclude its application to sentencing or resentencing delay..... [¶].... [¶] The purpose of [Penal Code] section 1382 confirms that it was not intended to include resentencing. The Legislature was undoubtedly unsympathetic to the notion that a defendant convicted in a fair trial affirmed on appeal could escape punishment solely because he was not resentenced within 60 days after the filing of the remittitur." (People v. Domenzain, supra, 161 Cal.App.3d at pp. 621-622, 207 Cal.Rptr. 724, fn. omitted.) The Legislature is presumed to have been aware of the Domenzain decision (see People v. Overstreet (1986) 42 Cal.3d 891, 897, 231 Cal.Rptr. 213, 726 P.2d 1288), and nothing in the history of the 1985 amendment to section 170.6 indicates an intent sub silentio to overturn that opinion (which would have the effect of allowing a criminal defendant to wait to disqualify the judge until the last day for hearing under Pen. Code, § 1382, potentially resulting in all sorts of mischief) or to construe the concept of a new trial broadly for one purpose (disqualification provisions) and narrowly for another (speedy trial provisions).[5]
Cases other than Domenzain also strongly suggest that, in the criminal context, a remand for resentencing is not equated with retrial or a new trial of the case. For instance, in People v. Wallace (1979) 97 Cal.App.3d 26, 158 Cal.Rptr. 394, the defendant pled guilty to being an ex-felon in possession of a firearm, and he admitted a charged prior felony conviction. On appeal, the court affirmed the current conviction, but concluded the defendant had not been apprised of his constitutional rights before admitting the prior felony conviction. Accordingly, the appellate court "remanded *148 the case to the trial court with directions to resentence defendant after a limited new trial on the question of his prior conviction." (Id. at p. 28, 158 Cal. Rptr. 394, italics added.) In People v. Gutierrez (1991) 227 Cal.App.3d 1634, 278 Cal.Rptr. 748, the trial court failed to state reasons for imposing a consecutive term. In his concurring opinion, Presiding Justice Kline argued that, even though the judgment was being affirmed, the issue would have been resolved more efficiently by remand and resentencing without consideration of whether the error was harmless. In part, he stated: "Reversal would not have required a retrial, but at most the preparation of a new probation report, transportation of the defendant to court, a review by judge and counsel of their files, and a hearing, of probably less than 10 minutes, at which counsel would offer their recommendations and the court would impose sentence." (Id at p. 1646, 278 Cal. Rptr. 748, italics added (cone. opn. of Kline, P.J.).)
The 1985 amendment to section 170.6 was triggered by the concern "that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial." (Stegs, supra, 233 Cal. App.3d at pp. 575-576, 284 Cal.Rptr. 495.) I find the weight of this concern questionable in the context of resentencing. As the Third District Court of Appeal observed in its analysis of an appellate court's power to remand a matter to a different judge pursuant to section 170.1, subdivision (c), "[M]ere sentencing error, given the complexity of the determinate sentencing scheme, does not justify removing the trial judge; a mere failure to comply with its requirements cannot be said to reflect a lack of objectivity implicating the interests of justice. Nor would sentence reversal in such a case be likely to cause the sentencing court to lose its objectivity. Whatever the sting of reversal, vindictive retaliation against a successful defendant cannot be presumed to be the judicial reaction." (People v. Gulbrandsen (1989) 209 Cal. App.3d 1547, 1562-1563, 258 Cal.Rptr. 75, fn. omitted.)
Nevertheless, I also recognize that, by enacting the amendment, the Legislature found the concern of potential bias to outweigh the premise that a matter reversed on appeal generally should be reassigned to the original trial judge because he or she "was familiar with the issues in the case and was in a better position to expeditiously resolve the matter pursuant to the appellate decision." (Stegs, supra, 233 Cal.App.3d at p. 575, 284 Cal.Rptr. 495; Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 15, 1985, p. 1.) Thus, I agree that the 1985 amendment makes a peremptory challenge available, following appellate court action, where there is to be a "new trial" of the "case" as defined by the pleadings. (See, e.g., People v. Superior Court (Malay) (2001) 91 Cal.App.4th 391, 395-399, 109 Cal.Rptr.2d 897 [§ 170.6 disqualification available where trial court dismissed criminal complaint on statute of limitations and jurisdictional grounds]; Overton v. Superior Court (1994) 22 Cal.App.4th 112, 114-116, 27 Cal.Rptr.2d 274 [writ of mandate issued compelling trial court to declare mistrial and relieve original trial counsel; § 170.6 disqualification found timely even though new trial was result of writ proceeding instead of appeal].)
In my view, however, absent explicit legislative language to the contrary, I cannot so easily cast aside the traditional requirement that the trial judge sentence a criminal defendant, whether sentencing occurs immediately following trial or upon a remand for resentencing. In imposing sentence, a judge takes many components *149 into consideration, including such things as the defendant's demeanor during trial and other inchoate factors with which only the trial judge is familiar. (See, e.g., People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 978, 60 Cal.Rptr.2d 93, 928 P.2d 1171; People v. Memro (1995) 11 Cal.4th 786, 885, 47 Cal.Rptr.2d 219, 905 P.2d 1305; People v. Fowler (1980) 109 Cal.App.3d 557, 565-566, 167 Cal.Rptr. 235 [overruled on other grounds in People v. Humphrey (1982) 138 Cal.App.3d 881, 882-883, 188 Cal.Rptr. 473]; People v. Morales (1967) 252 Cal.App.2d 537, 547, 60 Cal.Rptr. 671.) Thus, the law expects, for example, that the judge who accepts a plea bargain will be the judge who sentences the defendant thereon. (See People v. Arbuckle (1978) 22 Cal.3d 749, 756-757, 150 Cal.Rptr. 778, 587 P.2d 220.)
The same expectation holds true where a matter is remanded for resentencing. For instance, in People v. Crew (1991) 1 Cal.App.4th 1591, 2 Cal.Rptr.2d 755, the jury returned a verdict of death. The Court of Appeal held that the trial court relied on improper considerations in ruling on the automatic modification motion; hence, it reversed and remanded for reconsideration of the motion based solely on evidence presented to the penalty phase jury. Although the court had the parties brief the issue whether the matter should be directed to be heard by another judge pursuant to section 170.1, subdivision (c), and although it noted the trial court might disqualify itself pursuant to section 170.1, subdivision (a)(6), there is absolutely no hint in the opinion that section 170.6, subdivision (2) might apply. (People v. Crew, supra, 1 Cal.App.4th at pp. 1608-1610, fn. 13, 2 Cal.Rptr.2d 755.) Given the appellate court's concern with whether the matter should be returned to the original judge for determination, I find this omission telling.
In People v. Strunk (1995) 31 Cal. App.4th 265, 36 Cal.Rptr.2d 868, sentencing in a case was transferred from the trial judge to the supervising judge, apparently as a result of a unique administrative procedure employed by that particular court. (Id. at p. 275, fn. 12, 36 Cal.Rptr.2d 868.) The appellate court found that such a blanket procedure, without more, "denies a defendant his or her right to an independent, full and fair sentencing hearing as contemplated under the Determinate Sentencing Act [citation] and the California Rules of Court." (Id. at p. 275, 36 Cal. Rptr.2d 868, fn. omitted.) The court explained:
"Although there may be certain cases and circumstances where sentencing by other than the trial judge will not interfere with the defendant's right to a fair and full sentencing hearing based on the record in the case, the probation report, and other statements or evidence submitted for the sentencing hearing, this is not one of them. Here the sentencing judge exercised his sentencing discretion based solely on the probation officer's report with respect to the conclusion there were no mitigating factors. Because the judge had not sat through the trial, and only reviewed the probation report which did not list at least three of the mitigating factors claimed by Strunk in the trial record, we cannot find that the judge exercised its required independent sentencing discretion or properly weighed all the circumstances. The matter must thus be remanded for a new sentencing hearing.
"Moreover, because the trial judge is the only person who is in the position to properly review and weigh the claimed mitigating circumstances in this case, which are so dependent upon the facts adduced at trial, the matter must be *150 remanded to him." (Id. at p. 275, 36 Cal.Rptr.2d 868, italics added.)
In balancing concerns about trial court bias with the need for familiarity in order to afford a defendant a fair and full hearing upon a remand for resentencing, I find it highly significant that a trial court's actions upon a remand for resentencing are strictly limited in ways which simply do not exist in civil cases. "When a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing. [Citation.]" (People v. Hanson (2000) 23 Cal.4th 355, 357, 97 Cal. Rptr.2d 58, 1 P.3d 650.) Thus, while a trial court resentencing a defendant after reversal on appeal may have discretion to increase or decrease elements of the sentence (People v. Garcia (1995) 32 Cal. App.4th 1756, 1769, 39 Cal.Rptr.2d 73), absent imposition of an unauthorized sentence in the first instance, it has no discretion to increase the aggregate term (People v. Hanson, supra, 23 Cal.4th at pp. 357, 360 & fn. 3, 97 Cal.Rptr.2d 58, 1 P.3d 650).[6] Accordingly, the concerns for bias which prompted the 1985 amendment to section 170.6, subdivision (2), are, perforce, of less import and immediacy than in the civil arena.
Most importantly, because of double jeopardy limitations, to apply section 170.6, subdivision (2) to remands for resentencing would wreak havoc in the trial courts. Except in very rare circumstances, a criminal defendant would have no incentive not to disqualify the judge who originally imposed sentence since, unlike in a civil case in which a decision upon retrial could end up being more onerous to the appealing party, no greater punishment could be exacted upon remand. From the defendant's standpoint, why not take a chance on what a different judge might do? Applying the statute to sentencing remands would reward manipulation of the judicial system by encouraging defendants automatically to avail themselves of disqualification upon remand (or to claim their attorneys were ineffective for failing to do so), not due to concerns about possible bias, but in hopes a judge less familiar with the case might be more sympathetic to their position. I do not accept that this is what the Legislature intended.
It is an established rule "that section 170.6, in guaranteeing a litigant the extraordinary right to disqualify a judge, should be liberally construed to effect its objects and to promote justice. [Citation.]" (Hendershot v. Superior Court, supra, 20 Cal.App.4th at p. 865, 24 Cal. Rptr.2d 645.) This rule recognizes, however, that the right to disqualify a judge is an "extraordinary" one, and courts have long acknowledged "concerns about possible abuses which might arise from unbridled exercises of peremptory judicial challenges. [Citation.]" (Overton v. Superior Court, supra, 22 Cal.App.4th at p. 115, 27 Cal.Rptr.2d 274; see Solberg v. Superior Court (1977) 19 Cal.3d 182, 194-198, 137 Cal.Rptr. 460, 561 P.2d 1148.) In order to minimize the potential for such abuse, the Legislature has carefully written certain safeguards into the statute which restrict the number and timing of motions permitted. (Id at p. 197, 137 Cal.Rptr. 460, 561 P.2d 1148.) It would be utterly illogical to acknowledge the existence of these safeguards while interpreting the statute so as to permitindeed, invitemassive abuse. The Legislature never intended to allow the kind of judge-shopping which will result *151 if criminal defendants are permitted peremptorily to disqualify judges upon remands for resentencing, and such mischief neither effects the objects of section 170.6 nor promotes justice. As the California Supreme Court has warned, "`We cannot ignore in defendant's position the potentiality for abuse of section 170.6. We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration.' [Citation.]" (Solberg v. Superior Court, supra, 19 Cal.3d at p. 198, 137 Cal.Rptr. 460, 561 P.2d 1148, fn. omitted.)
In view of my determination that the 1985 amendment to section 170.6, subdivision (2) does not apply to remands for resentencing, I conclude that the motion to disqualify Judge Lawrence Jones was properly denied. I would discharge the alternative writ and deny the petition for writ of mandate/prohibition.
NOTES
[1] All future references are to the Code of Civil Procedure unless otherwise indicated.
[] Judge of the Tuolumne County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.
[2] Section 657 sets out the reasons for which a new trial may be granted in civil proceedings. Those reasons are: "1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial. [11] 2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors. [H] 3. Accident or surprise, which ordinary prudence could not have guarded against. [11] 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial. [H] 5. Excessive or inadequate damages. [11] 6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law. [K] 7. Error in law, occurring at the trial and excepted to by the party making the application."
[3] Penal Code section 1181 permits a new trial to be granted, upon the defendant's application, "1. When the trial has been had in his absence except in cases where the trial may lawfully proceed in his absence; [¶] 2. When the jury has received any evidence out of court, other than that resulting from a view of the premises, or of personal property; [¶] 3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented; [¶] 4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors; [¶] 5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial, and when the district attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial thereof before a jury; [¶] 6. When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed; [¶] 7. When the verdict or finding is contrary to law or evidence, but in any case wherein authority is vested by statute in the trial court or jury to recommend or determine as a part of its verdict or finding the punishment to be imposed, the court may modify such verdict or finding by imposing the lesser punishment without granting or ordering a new trial, and this power shall extend to any court to which the case may be appealed; [¶] 8. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all circumstances of the case, may seem reasonable. [¶] 9. When the right to a phonographic report has not been waived, and when it is not possible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court of a judge, thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new" trial of the action or proceeding."

A new trial may also be granted for nonstatutory reasons when an error has resulted in denial of the defendant's right to a fair trial and the defendant has had no earlier opportunity to raise the issue. (People v. Mayorga (1985) 171 Cal.App.3d 929, 940, 218 Cal.Rptr. 830.)
[4] Penal Code section 1382, subdivision (a)(2) requires a trial court, unless good cause to the contrary is shown, to order dismissal of the action "[i]n a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information, .... or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after the mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court....." (Italics added.)
[5] In 1998, the pertinent portion of section 170.6, subdivision (2) was amended to provide: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. Notwithstanding paragraph (3) of this section [which permits only one peremptory challenge by a party in any one action or special proceeding], the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (Stats. 1998, ch. 167, § 1, p. 700.) Although the legislative history reveals a recognition that the amendment would apply to criminal as well as civil cases, hence there was a "double referral" "to the Senate Public Safety Committee for its consideration of the impact of the proposal on retrials of criminal cases remanded on appeal" (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1199 (1997-1998 Reg. Sess.) as amended June 1, 1998), nothing in the legislative history which I have been able to obtain suggests the 1998 amendment was intended to do more than clarify that the 1985 amendment provided an exception to section 170.6's "one peremptory challenge" rule (Assem. Floor Com. Rep., Concurrence in Sen. Amend, to Assem. Bill No. 1199 (1997-1998 Reg. Sess.) as amended June 1, 1998).
[6] The same rule applies to resentencing following a successful new trial motion. (People v. Hanson, supra, 23 Cal.4th at p. 360 & fn. 3, 97 Cal.Rptr.2d 58, 1 P.3d 650; In re Ferguson (1965) 233 Cal.App.2d 79, 81-82, 43 Cal.Rptr. 325.)