[No. B076367. Second Dist., Div. Four. Nov. 29, 1993.]

JOHN E. HENDERSHOT, JR., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PACIFIC SOUTHWEST INVESTMENTS, INC., Real Party in Interest.

**COUNSEL**

Meserve, Mumper & Hughes, L. Allan Songstad, Jr., and William D. Coffee for Petitioner.

No appearance for Respondent.

Kendall & Buckner, Matthew Scott Duncan and William D. Buckner for Real Party in Interest.

**OPINION**

**EPSTEIN, J.**—This writ proceeding was brought after the respondent court refused to honor a motion to disqualify a trial judge, filed under Code of

Civil Procedure section 170.6.[1] The motion was made after we reversed an earlier judgment and remanded the case for an evidentiary hearing and determination of a factual issue. We issued an alternative writ and, following full briefing and oral argument, we now grant the relief requested.

### FACTUAL AND PROCEDURAL SUMMARY

The underlying trial arose out of a suit for breach of contract by Pacific Southwestern Investments, Inc. (PSI). Three defendants were named in the action: Shadowood Development Co., a partnership; Shadowood Corporation; and John E. Hendershot, Jr. A bench trial was held before Commissioner Anita Rae Shapiro, sitting as a temporary judge by stipulation of the parties. (Cal. Const., art. VI, § 21.) The court awarded judgment against the corporation for $35,012 based on breach of contract. Judgment was rendered against Hendershot for that amount, based on intentional misrepresentation, and for $35,000 punitive damages. The corporation and Hendershot appealed.

While the appeal was pending, PSI undertook collection procedures that resulted in Hendershot paying the entire amount of the judgment against him, including interest and costs.

We ultimately reversed the judgment as to Hendershot, and affirmed it with respect to the award against the corporation (No. B055935). Hendershot then applied for an order of restitution pursuant to section 908, alleging that he had paid the judgment against him during the pendency of the appeal and was entitled to an order that PSI make restitution. We noted that "[t]here are questions of fact to be resolved by the trial court, including whether amounts paid by Hendershot were on his own behalf or on behalf of Shadowood Corporation." Exercising our authority under section 908, we declined to make that determination at our level, and instead remanded the case to the trial court for resolution of the factual issues.

On May 4, 1993, Hendershot's counsel filed a motion for a restitution order in the trial court. Upon inquiry with that court, he learned that the case would be reassigned to Commissioner Shapiro. He filed a peremptory challenge under section 170.6 on May 19, 1933. PSI contested the challenge, arguing that it was untimely. A hearing on that issue was held on June 16, 1993, at which time the challenge was rejected as untimely. The case was set for trial on the remanded issues.

Hendershot then sought writ relief and a stay of proceedings. In his application, he pointed out that a claim of error in denial of a peremptory

---

[1] All further code citations are to the Code of Civil Procedure.

challenge can only be reviewed by writ. (§ 170.3, subd. (d); *People* v. *Hull* (1991) 1 Cal.4th 266, 276 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) We issued an alternative writ and stayed proceedings pending our further order.

## DISCUSSION

Prior to 1986, a case reversed and remanded for a full or partial new trial was normally assigned to the judge who heard the original trial, apparently on the theory that that judge was familiar with the case and in a better position to resolve the remaining issues. (See *Stegs Investments* v. *Superior Court* (1991) 233 Cal.App.3d 572, 575 [284 Cal.Rptr. 495]; *People* v. *Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562 [258 Cal.Rptr. 75].) The peremptory challenge statute was amended in 1985 to deal with this practice. This amendment, operative January 1, 1986, added a new provision to subdivision (2) of section 170.6: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment."

The motion in this case was timely if time is measured from notification of the assignment. In fact, as we have pointed out, Hendershot's attorney was not formally notified of the assignment of Commissioner Shapiro to the case, but learned of it as a result of inquiry. He filed the challenge well within 60 days of his knowledge of the assignment.

There also is no dispute that the motion was untimely if time is measured from the original assignment of Commissioner Shapiro to the trial that led to the judgment that was reversed.[2]

■ The issue, then, is whether our remand order upon Hendershot's section 908 motion for restitution called for a "new trial" within the meaning of section 170.6, subdivision (2). We conclude that it did.

---

[2]Hendershot raises an alternative theory to uphold the challenge. He argues that the trial on remand does not constitute a "continuation of the original proceedings," but a new proceeding for which a new challenge may be lodged. In support of this argument, he points out that the issue to be tried, concerning on whose behalf the payment by Hendershot to PSI was made, was not an issue in the original trial. He also points out that a defendant who pays a judgment during the pendency of a successful appeal is entitled to restitution as an independent right, and may bring a separate action to vindicate that right. (See *Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9]; *McClenny* v. *Superior Court* (1964) 60 Cal.2d 677, 684 [36 Cal.Rptr. 459, 388 P.2d 691]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 647, p. 629.) We need not decide this interesting issue in light of our conclusion that the remand we have ordered requires a new trial within the meaning of section 170.6, subdivision (2).

The 1985 amendment to section 170.6 was prompted by concern that ". . . a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial." (*Stegs Investments* v. *Superior Court, supra,* 233 Cal.App.3d at p. 575.) The *Stegs* court quoted a legislative report that discussed the purpose of the amendment, prepared while the measure was before the Legislature. The amendment, according to this report, was " 'intended to permit a party to challenge a judge who had been assigned to conduct the "new trial" of the case in which his or her decision was reversed on appeal. The term "new trial" is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest).' (Assem. Com. on Jud. Analysis of Assem. Bill. No. 1213, as amended May 15, 1985.)" (*Stegs Investments* v. *Superior Court, supra,* 233 Cal.App.3d at p. 576.)

In *Stegs,* the appellate court had remanded a case for partial retrial on a limited issue (the circumstances under which the parties entered into a written partnership agreement). (233 Cal.App.3d at p. 574.) It was argued on appeal that a peremptory challenge was not available to the original trial judge because the remand had been restricted to "consideration of a 'limited issue.' " The appellate court rejected that contention: "The legislative history of the 1985 amendment suggests that the applicability of [section 170.6] does not turn on . . . whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court's function is merely a ministerial act (such as the recalculation of interest), the 1985 amendment does not apply. If, however, the court must conduct an actual retrial, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit filed pursuant to section 170.6. In the case at bench, the trial court was called upon to *retry* the case, albeit on a single issue." (233 Cal.App.3d at p. 576, italics in the original.)

Our remand to the trial court was not for the purpose of causing it to perform a ministerial act, such as the execution of a mathematical calculation. It was, instead, for the purpose of receiving evidence and resolving a factual issue: whether, in paying the amount of the judgment against him, Hendershot acted for himself alone or for the Shadowood Corporation. The purpose of the 1985 amendment is served by recognizing its application to this situation, in which the trial judge might be perceived as holding a bias against the party that had successfully pressed the appeal that led to reversal of the earlier judgment. That purpose would be thwarted by a construction that renders the statute inapplicable to the trial on remand.

The term "new trial" is not defined in section 170.6, subdivision (2). Its principal usage is in article 2, chapter 7, title 8 of part 1 of the code, relating

to "new trials." Section 656, one of the original provisions of the code, defines "new trial" as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." The former law strictly limited motions for new trial to cases in which an issue of fact had been adjudicated, and denied its application to other cases, such as those in which a dismissal was ordered after a demurrer had been sustained, or where a judgment had been taken by default. (See 8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 22, p. 423.) That rule was repudiated more than three decades ago (see *Carney v. Simmonds* (1957) 49 Cal.2d 84 [315 P.2d 305]), and the remedy is now quite broad. (See 8 Witkin, *op. cit. supra*, § 23, p. 424.)

We see no reason why it should not receive a similar broad construction in this case, encompassing a posttrial reversal and remand for trial of a contested issue in which trial court discretion or fact determination is involved. Further, both sides have informed us that the contested hearing is expected to involve a claim that Hendershot is an alter ego for the Shadowood Corporation, a circumstance that could affect the merits of the claim for restitution. That was one of the contested issues in the original trial, and it appears that it will be reexamined.

Finally, our construction and application of the amendment is consonant with the established rule that section 170.6, in guaranteeing a litigant the extraordinary right to disqualify a judge, should be liberally construed to effect its objects and to promote justice. (See *Nissan Motor Corp. v. Superior Court* (1992) 6 Cal.App.4th 150, 154 [7 Cal.Rptr.2d 801] and authority cited.)

### DISPOSITION

Let a writ of mandate issue directing the respondent court to vacate its order of June 13, 1993, rejecting petitioner's challenge pursuant to section 170.6 as untimely, and to enter a new and different order accepting the challenge for filing as of May 19, 1993.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.

The petition of real party in interest for review by the Supreme Court was denied February 24, 1994.