Filed 1/6/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Andrew M., | A158129 |
| Petitioner, | |
| v. | (Contra Costa County Super. Ct. No. J19-00232) |
| THE SUPERIOR COURT OF CONTRA COSTA COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Andrew M.'s petition for writ of mandate presents an issue of first impression: does a conditional reversal and limited remand to the juvenile court to conduct a transfer hearing pursuant to Proposition 57, the Public Safety and Rehabilitation Act of 2016 (Cal. Const., art. I, § 32), constitute a "new trial" for purposes of exercising a Code of Civil Procedure section 170.6[1] challenge? Guided by our high court's decision in *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245 (*Peracchi*), we conclude the answer is no.

We deny the petition.

---

[1] Undesignated statutory references are to the Code of Civil Procedure. We incorporate by reference our unpublished opinion in Andrew M.'s most recent appeal, *People v. Moffett* (Feb. 7, 2019, A143724).

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2005—shortly before turning 18—Andrew M. committed an armed robbery, during which his accomplice shot and killed a police officer. A jury convicted Andrew M. of special circumstance first degree murder, three counts of second degree robbery, and driving a stolen vehicle. The jury found true firearm use allegations. Judge Laurel Brady sentenced Andrew M. to life in prison without the possibility of parole (LWOP), plus 24 years on the remaining charges and enhancements. Andrew M. appealed. In 2010, this court reversed the peace officer special circumstance and remanded for resentencing. On remand, Judge Brady sentenced Andrew M. to LWOP plus 24 years.

Andrew M. appealed. In 2012, we remanded for resentencing pursuant to *Miller v. Alabama* (2012) 567 U.S. 460. The California Supreme Court granted review and consolidated Andrew M.'s case with a companion case. In 2014, our high court remanded "for resentencing in light of the principles set forth in *Miller* and this opinion." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1361.) Judge Brady held a resentencing hearing and imposed LWOP plus 23 years. In a lengthy explanation of her reasoning for imposing the LWOP term, Judge Brady found Andrew M.'s actions "were not those of an irresponsible or impulsive child, nor were they the product of peer pressure or coercion by others or surprise. They were the very adult, very violent acts of a young man who showed no regard for the impact of his actions on the victims in this case." The court found Andrew M. was not "irrational, immature, or childlike" and that he was not a "juvenile offender whose crime reflects unfortunate yet transient immaturity. [Andrew M.'s] juvenile history coupled with his behavior and actions while in custody, before, during and after the trial, along with the facts and circumstances of the crimes themselves, cannot support a finding of immaturity. Quite the contrary. [¶] This Court does not find that there is a realistic chance of rehabilitation." (*People v. Moffett, supra*, A143724.)

Andrew M. appealed. In 2016, we modified the sentencing minute order and abstract of judgment. In all other respects, we affirmed. After granting review pending disposition of a related issue in another case, the California Supreme Court transferred

2

this case to this court with directions to consider whether legislation rendering juvenile LWOP defendants eligible for parole suitability hearings mooted Andrew M.'s challenge to his sentence.

Proposition 57 became effective while Andrew M.'s appeal was pending. Proposition 57 eliminated a prosecutor's ability to "direct file" charges in criminal court against minors of a certain age when the crimes were committed. These minors may be tried in criminal court, but only after the juvenile court " 'conducts a transfer hearing to consider various factors such as the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated.' " (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305.)

In February 2019, we rejected Andrew M.'s LWOP challenge, but concluded he was entitled to a Proposition 57 transfer hearing, and to resentencing on the firearm enhancement allegations. Our disposition provided: " 'The judgment is conditionally reversed. The cause is remanded with instructions that it be transferred to the juvenile court to conduct a transfer hearing no later than 90 days from the filing of the remittitur. [¶] If, at the transfer hearing, the juvenile court determines that it would have transferred defendant to a court of criminal jurisdiction, then the matter shall be transferred to the criminal court and defendant's conviction is to be reinstated. The court shall then resentence [Andrew M.] and must exercise its discretion under [Penal Code section 12022.53, subdivision (h)]. [¶] If, at the transfer hearing, the juvenile court determines that it would not have transferred [Andrew M.] to a court of criminal jurisdiction, then [Andrew M.'s] criminal convictions and enhancements will be deemed juvenile adjudications as of the date of the verdict. The juvenile court shall exercise its discretion pursuant to [Penal Code section 12022.53, subdivision (h)] in deciding whether to strike the firearm enhancements. The juvenile court is then to conduct a dispositional hearing within its usual timeframe.' " (*People v. Moffett, supra*, A143724.)

When the case returned to the superior court, the prosecution moved to assign the transfer hearing to Judge Brady. Andrew M. objected, accusing the prosecution of forum shopping. The court granted the motion and assigned the matter to Judge Brady.

3

Andrew M. immediately filed a section 170.6 challenge. After hearing extensive argument and written briefing, the court denied the challenge. It determined a "shift in the law" necessitated the remand, not a "reversal on appeal in the normal sense." The court also implicitly rejected Andrew M.'s argument that the transfer hearing was a "new trial" under section 170.6.

Andrew M. seeks writ relief in this court. He argues the transfer hearing is a "new trial" within the meaning of section 170.6, subdivision (a)(2) and, as a result, the court erred by denying the challenge. We issued an order to show cause why relief should not be granted, and requested briefing on several issues, including the application of *Peracchi*.

DISCUSSION

I.

*General Principles*

To place the issues in context, we briefly describe transfer hearings conducted pursuant to Proposition 57. Proposition 57 "largely returned California to the historical rule. 'Among other provisions, Proposition 57 amended the Welfare and Institutions Code so as to eliminate direct filing by prosecutors.' " (*Lara*, *supra,* 4 Cal.5th at pp. 305–306.) When a minor has been charged in the juvenile court with a felony allegedly committed when the minor was 16 years of age or older, the prosecution may move " 'to transfer the minor from juvenile court to a court of criminal jurisdiction.' " (*J.N. v. Superior Court* (2018) 23 Cal.App.5th 706, 711.) The prosecution has the burden to establish "by a preponderance of the evidence the minor is not a suitable candidate for treatment under the juvenile court system." (*Id.* at p. 715.) At the transfer hearing, the court must consider five factors: "the minor's degree of criminal sophistication, whether the minor can be rehabilitated in the time before the juvenile court would lose jurisdiction over the minor, the minor's prior history of delinquency, the success of prior attempts by the juvenile court to rehabilitate the minor, and the circumstances and gravity of the charged offense." (*Id.* at p. 711.) The court has broad discretion in weighing the factors. (*People v. Garcia* (2018) 30 Cal.App.5th 316, 325.)

4

Proposition 57 applies retroactively to cases—like Andrew M.'s—that were pending when the legislation became effective. (*Lara, supra,* 4 Cal.5th at p. 309.) In *Lara*, our high court approved a procedure under which an appellate court conditionally reverses the judgment and remands for a transfer hearing in the juvenile court. (*Ibid.*) The " 'jury's convictions, as well as its true findings as to the sentencing enhancements, will remain in place.' " (*Id.* at pp. 309–310.) The hearing is to be conducted " 'as though the prosecutor had originally filed a juvenile petition in juvenile court and had then moved to transfer [the] cause to a court of criminal jurisdiction.' " (*Id.* at p. 310.)

" 'If, after conducting the . . . transfer hearing, the [juvenile] court determines that it would have transferred [the defendant] to a court of criminal jurisdiction because he is "not a fit and proper subject to be dealt with under the juvenile court law," ' " then the judgment is reinstated. (*Lara, supra,* 4 Cal.5th at p. 310.) But " 'if the juvenile court finds that it would *not* have transferred [the defendant] to a court of criminal jurisdiction, then it shall treat [the defendant's] convictions as juvenile adjudications and impose an appropriate "disposition" within its discretion.' " (*Ibid.*) The defendant "is not entitled to a jurisdictional hearing, or the equivalent of a second trial, in juvenile court." (*People v. Hargis* (2019) 33 Cal.App.5th 199, 208, fn. 4.)

II.

*A Proposition 57 Transfer Hearing Is Not a "New Trial" Under*
*Section 170.6, Subdivision (a)(2)*

The parties agree—as do we—that we review the court's ruling on the section 170.6 challenge de novo. The relevant facts are undisputed, and we are tasked with interpreting a statute, a question of law. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) De novo review is appropriate for the additional reason that "trial courts have no discretion to deny a section 170.6 motion filed in compliance with the statute's procedures." As a result, "it is 'appropriate to review a decision granting or denying a . . . challenge under section 170.6 as an error of law.' " (*Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980, 987–988.)

5

"Section 170.6 permits a party in civil and criminal actions to move to disqualify an assigned trial judge on the basis of a simple allegation by the party or his . . . attorney that the judge is prejudiced against the party." (*Peracchi, supra,* 30 Cal.4th at p. 1248.) A section 170.6 challenge "may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, *if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter*." (§ 170.2, subd. (a)(2), italics added.)

*Peracchi* instructs us to consider whether a statute defines the term "new trial" for purposes of exercising a section 170.6 challenge. (See *Peracchi, supra,* 30 Cal.4th at pp. 1253–1255.) Section 170.6 does not define the term "new trial." We are unaware of a provision of the Welfare and Institutions Code defining "new trial" in this context. For purposes of applying section 170.6 in delinquency proceedings, however, " 'trial' means the adjudicatory phase of the jurisdictional hearing, i.e., the hearing at which the minor is exposed to a finding of truth of allegations contained in a petition filed pursuant to Welfare and Institutions Code section 602." (*Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 41.) "The term 'trial' as used in section 170.6 clearly means a hearing on the merits, i.e., the proceedings where the accused's guilt or innocence is determined." (*In re Abdul Y.* (1982) 130 Cal.App.3d 847, 857.) The transfer hearing is not—as Andrew M. seems to suggest—akin to the adjudicatory phase of the jurisdictional hearing, i.e., a proceeding at which his guilt or innocence is determined. That determination was made in 2008, when a jury found Andrew M. guilty of murder, robbery, and driving a stolen vehicle. Under the conditional reversal and remand procedure adopted by *Lara*, the defendant "is *not entitled* to a jurisdictional hearing, or the equivalent of a second trial, in juvenile court." (*People v. Hargis, supra,* 33 Cal.App.5th at p. 208, fn. 4, italics added.) Thus, a transfer hearing conducted pursuant

to Proposition 57 is not a "new trial" for purposes of exercising a section 170.6 challenge.[2]

Criminal cases construing the term "new trial" bolster our conclusion. (*Joe Z. v. Superior Court* (1970) 3 Cal.3d 797, 801 [delinquency proceedings are "quasi-criminal" in nature].) *Peracchi* is instructive. There, the California Supreme Court held that a resentencing hearing conducted after a partial reversal on appeal was not a "new trial" for the purpose of exercising a section 170.6 challenge. (*Peracchi, supra,* 30 Cal.4th at p. 1249.) Our high court began by reciting the Penal Code definition of new trial: " 'a reexamination of the issue in the same Court, before another jury, after a verdict has been given.' " (*Peracchi,* at p. 1253, quoting Pen. Code, § 1179.) *Peracchi* observed the " 'granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument . . . .' " (*Peracchi*, at p. 1253, quoting Pen. Code, § 1180.)

*Peracchi* held "a remand for resentencing does not . . . constitute, and is not equivalent to, an order for a new trial" for purposes of exercising a section 170.6 challenge. (*Peracchi, supra,* 30 Cal.4th at pp. 1254–1255, 1257–1258.) According to *Peracchi*, the trial court's role at sentencing "ensures that resentencing cannot occur 'as if no trial had been had.' [Citation.] Far from being a proceeding at which the trier of fact resolves the issues raised in the case, the sentencing hearing—or resentencing hearing—follows the entry of the verdict and the discharge of the jury, and constitutes the occasion on which the court pronounces the judgment arising from the verdict. [Citations.] At sentencing, the court's function may include resolution of certain factual

---

[2] *D.W. v. Superior Court* (Dec. 9, 2019, B294110) __Cal.App.__ [2019 WL 6695434]—which holds the prosecution must establish a prima facie case of the alleged offense at a transfer hearing—does not alter our conclusion. *D.W.* has no bearing on whether a transfer hearing conducted pursuant to the procedure authorized by *Lara* is a new trial for purposes of exercising a section 170.6 challenge.

issues that relate to the choice of appropriate sentence . . . but the court resolves those issues in light of what occurred at trial." (*Id.* at p. 1254, fn. and italics omitted.)

The court continued: "a remand for resentencing—a limited order that does not disturb the verdict or even necessarily disturb the judgment and the sentence previously pronounced—is merely one among several alternatives to the granting of a new trial, and does not itself constitute the granting of a new trial." (*Peracchi, supra,* 30 Cal.4th at pp. 1255–1256.) *Peracchi* concluded: "unlike the situation in which a new trial is ordered, when resentencing is all that is required, the parties are not placed in the same position as if there had been no trial. The criminal charges need not be refiled. The parties at an ordinary resentencing hearing do not, as Penal Code section 1180 provides with regard to the granting of a new trial, proffer new evidence on the issues decided by the verdict, nor does the court disregard the original verdict." (*Id.* at p. 1257.)

Applying *Peracchi*, we reach the same result. The conditional reversal and remand for the transfer hearing did not disturb the verdict or vacate the sentence. The parties are not "in the same position as if there had been no trial" and they will not "proffer new evidence on the issues decided by the verdict." (*Peracchi, supra,* 30 Cal.4th at p. 1257.) Pursuant to the procedure articulated in *Lara*, the juvenile court decides whether it would have transferred the case to the criminal court. If the court determines the case would have been transferred, it reinstates the convictions and resentences Andrew M. If the case remains in the juvenile court, the convictions become juvenile adjudications, and the court conducts a dispositional hearing. There is no " ' do over' " on the issues decided by the verdict. (*People v. Riva* (2003) 112 Cal.App.4th 981, 992 [new trial is a " 'do over' "].)

Relying on civil cases such as *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860 and *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, Andrew M. urges us to construe "new trial" to encompass a transfer hearing. According to Andrew M., these cases stand for the proposition that a hearing at which the court reexamines factual issues constitutes a new trial. We decline Andrew M.'s invitation. As *Peracchi* teaches, civil cases construing the term "new trial" have limited value in the

8

criminal context because the Penal Code defines that term. (*Peracchi, supra,* 30 Cal.4th at pp. 1260–1261.)

But even if we assume for the sake of argument a juvenile delinquency proceeding is, as Andrew M. suggests, civil in nature, we would decline to adopt the broad definition of "new trial" articulated in the cases upon which he relies. *Peracchi* "broke the pattern of appellate decisions advancing ever more generous interpretations of the term 'new trial' in section 170.6(a)(2)." (*Paterno v. Superior Court* (2004) 123 Cal.App.4th 548, 558.) *Peracchi* also disapproved of the principle that the "authority to exercise a section 170.6 challenge should hinge upon a case-by-case analysis of the level of discretion to be exercised by the judge and the degree of factfinding in which the judge will be engaged." (*Peracchi*, *supra,* 30 Cal.4th at p. 1260.)

Guided by *Peracchi*, we conclude a transfer hearing is not—as Andrew M. argues—a "new trial" under section 170.6 merely because the court will exercise discretion or make factual findings. Nor is the transfer hearing a "new trial" because the court may consider factors similar to those at issue when the court resentenced Andrew M. pursuant to *Miller v. Alabama, supra,* 567 U.S. 460. (*In re Gutierrez* (1997) 51 Cal.App.4th 1704, 1708 ["court did not order a new trial by allowing petitioner to relitigate issues determined at his prior trial"].) At the transfer hearing, Judge Brady's "function . . . is not to go back and revisit any factual or legal terrain that has thus far been traversed, but to go *forward*," to perform a judicial task required by new legislation. (*Paterno v. Superior Court, supra,* 123 Cal.App.4th at p. 560.)

We conclude a transfer hearing conducted pursuant to Proposition 57 is not a "new trial" within the meaning of section 170.6, subdivision (a)(2). The court therefore properly denied Andrew M.'s section 170.6 challenge. Having reached this result, we need not resolve the parties' dispute over whether other statutory conditions for the challenge were met, namely whether there was a "reversal on appeal of a trial court's

9

decision," or a "reversal on appeal of a trial court's final judgment."  (§ 170.6, subd. (a)(2).)

## DISPOSITION

The petition for writ of mandate is denied.

                                    _____

                                    Jones, P. J.

WE CONCUR:


_____

Simons, J.


_____

Burns, J.

A158129

11

Trial Court:   Contra Costa County Superior Court

Trial Judge:   Hon. Barbara C. Hinton

Counsel:

Elizabeth K. Barker, Assistant Public Defender, Zachary Linowitz and Sarah Eisenhart, Deputy Public Defenders for Petitioner.

No appearance for Respondent.

Xavier Becerra, Attorney General, Gerald A. Engler, Deputy Attorney General, Diana Becton, District Attorney, Ryan Wagner, Deputy District Attorney for Real Party in Interest.