Filed 2/3/25  Wash v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN WASH,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>MARIA WASH,<br><br>    Real Party in Interest. | F086934<br><br>(Super. Ct. No.  09CECG00933 )<br><br>**OPINION** |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Jeffrey Y. Hamilton, Jr., Judge.

John Wash, in pro. per., for Petitioner.

No appearance for Respondent.

Daniel L. Harralson for Real Party in Interest.

-ooOoo-

Our unpublished opinion in *Maria Wash v. John Wash* (Jul. 24, 2023, F080399) partially reversed an order enforcing a judgment in a partition action and remanded for further proceedings. The superior court judge who issued the partially reversed order was reassigned to the matter. Shortly thereafter, John Wash filed a motion for peremptory challenge under Code of Civil Procedure section 170.6.[1] The judge struck the challenge, concluding the proceedings on remand would not constitute a "new trial" for purposes of a postappeal peremptory challenge authorized by section 170.6, subdivision (a)(2). John filed a petition for writ of mandate with this court to overturn the order striking his peremptory challenge, contending the proceedings on remand qualify as a "new trial." (See § 170.3, subd. (d) [denial of challenge may be reviewed only by a writ of mandate from the Court of Appeal].)

Our July 2023 opinion required further proceedings in the trial court, stating: "On remand, the trial court is directed to (1) issue an amended order that requires a driveway easement to be recorded when the lot line adjustment implementing the partition is filed and (2) determine anew which party is entitled to recover attorney fees and legal expenses in accordance with the terms of the judgment." Based on existing case law interpreting section 170.6, we conclude the determination of which party is the prevailing party entitled to an award of attorney fees constitutes a "new trial" because it requires the trial court to reexamine a contested issue previously decided.

We therefore will issue a writ of mandate directing the superior court to accept the peremptory challenge and transfer the matter to a different judge.

## FACTS AND PROCEDURAL HISTORY

In 1998, John, his brother Thomas, and Thomas's wife, Maria Wash, created a general partnership named "Wash and Wash Partnership" to acquire, manage, and farm agricultural land. The partnership agreement stated the initial contributions included two

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

20-acre parcels located on East Central Avenue (the 40 acres). In 2005, Robert Wash, the father of Thomas and John, died. As a result, Thomas and John inherited the 100-acre family farm located on Temperance Avenue (the 100 acres).

In 2009, Thomas and Maria filed a complaint against John to dissolve the partnership, obtain an accounting of its affairs, and partition the 40 acres into two 20-acre parcels. The Fresno County Superior Court assigned the matter case No. 09CECG00933. John filed a cross-complaint for partnership dissolution, partition of the 100 acres, accounting, and waste. The 100 acres was owned by Thomas and Maria (an undivided 50 percent interest) and John (an undivided 50 percent interest). The 100 acres contained approximately 77 acres of citrus orchards, a tree and nursery business operated by Thomas and Maria, and the residences of the parties. Both residences are served by the same driveway.

*The Settlement and Entry of Judgment*

After a mediation in August 2010, John, Thomas, Maria, each side's attorney, and the mediator signed a four-page settlement agreement. The agreement addressed the division of the 100 acres by stating John would receive "approximately 20 acres described as commencing at Temperance [Avenue] and the North side of the existing driveway straight down going West to the canal in the back of the property (on John's side of the driveway). The parties agree to a recorded easement to the use of the existing driveway for both parcels. Thomas and Maria will maintain the easement/driveway at current levels or improve at their sole cost." The agreement also stated Thomas and Maria would receive "an equal amount of acreage right next to John's," and Thomas and Maria would have the option of purchasing the remaining acres after an appraisal was completed.

Thomas died in November 2011, and John and Maria were unable to implement the settlement's terms. In March 2013, Maria filed a motion to enforce the settlement, appoint a receiver, and recover attorney fees, which the trial court denied. After the court

3.

granted Maria's motion to substitute herself as Thomas's successor in interest, Maria again applied for an order enforcing the settlement.

In January 2015, the trial court heard argument on the motion, concluded it had the authority to enforce the agreement pursuant to section 664.6, found the settlement agreement was valid, and granted Maria's motion. Pursuant to that order, a judgment was entered on February 13, 2015, stating Maria had judgment against John "pursuant to the terms set out in the written settlement agreement dated August 24, 2010, a copy of which is Attached hereto as Exhibit 'A' and incorporated herein by reference." The judgment also awarded Maria attorney fees of $2,460.

John appealed. We affirmed the judgment and awarded Maria her costs on appeal. (*Maria Wash v. John Wash* (Sep. 12, 2017, F071135) [nonpub. opn.].)

*Enforcing the Judgment*

Remittitur was issued in December 2017, which made the February 2015 judgment final at both the trial court and appellate court level.[2] The parties were not able to complete the partition of the 100 acres in accordance with the terms of the judgment because, among other things, they could not agree on the size of the parcels each was to receive.

In August 2018, the case was reassigned to Superior Court Judge Rosemary T. McGuire. John filed a section 170.6 peremptory challenge. Judge McGuire determined the challenge was timely and John had not previously filed such a challenge in case No.

---

[2]     After remittitur was issued in case No. F071135, Maria filed a motion for attorney fees incurred in the appeal based on the attorney fees provision in the settlement agreement incorporated into the February 2015 judgment. In March 2018, then Superior Court Judge Mark W. Snauffer determined Maria was the prevailing party for purposes of Civil Code section 1717, subdivision (b)(1) and awarded her attorney fees in the amount of $9,321. John appealed the attorney fees award, contending Maria was not the prevailing party. We affirmed, concluding the trial court did not err in awarding Maria her attorney fees. (*Maria Wash v. John Wash* (Mar. 11, 2021, F077486) [nonpub. opn.].)

09CECG00933. As a result, she granted the challenge. In October 2018, the case was assigned to Superior Court Judge Jeffrey Y. Hamilton, Jr. for all purposes.

In March 2019, John and Maria each filed a motion to enforce the judgment. John's papers requested an order directing Maria to cooperate in completing a lot line adjustment that would result in him receiving a 28.5-acre parcel from the 100 acres, Maria receiving a 28.5-acre parcel to the south of his parcel, and the sale of the remaining 42.38 acres. Maria's papers asserted (1) she had complied with her obligations under the judgment and incorporated settlement agreement; (2) John had performed none of his obligations; (3) partitioning the 100 acres into two parcels of approximately 25 acres and a third parcel of approximately 50 acres was objectively reasonable; (4) she intended to exercise her right to purchase John's half interest in the third parcel; and (5) the purchase price should be $13,500 per acre to prevent John from receiving a windfall due to the increase in real estate values while he intentionally delayed the implementation of the settlement.

After a hearing in April 2019, Judge Hamilton decided to appoint a receiver to deal with the issues relating to the partition and directed the parties to meet and confer to see if they could agree on a receiver. Unable to agree, the parties submitted names of proposed receivers to the trial court. In June 2019, the court appointed one of John's nominees as receiver "to ensure the lot line adjustment is carried out, the 100 acre parcel is partitioned and the terms of the sale are carried out in accordance with the Judgment."

After the receiver filed his report, Judge Hamilton held further hearings. In December 2019, he ordered the division of the 100 acres into three parcels, two of which would contain approximately 25 acres with the third containing approximately 50 acres. The northern 25-acre parcel was allocated to John, the 25-acre parcel immediately to the south was allocated to Maria, and Maria would receive the remaining 50 acres by purchasing John's half interest consistent with the settlement terms incorporated into the judgment. The order did not mention a driveway easement. The order also stated Maria

was the prevailing party and entitled to her attorney fees under the settlement agreement. John appealed.

We affirmed the December 2019 order in part, reversed it in part, and remanded for further proceedings. We concluded the terms of the judgment plainly required a driveway easement to be recorded when the property was partitioned and, therefore, a provision for the driveway easement should have been included in the December 2019 order. We also determined that, "because the order is partially reversed due to the omission of a driveway easement, the prevailing party determination will be vacated and, on remand, the trial court must decide anew which party prevailed and is entitled to recover attorney fees and legal expenses." (*Ibid*.) We explained the nature of the prevailing party decision by stating: "On remand, '[t]he trial court should exercise its discretion and determine once again which party is entitled to recover attorney fees' and legal expenses. (*City of West Hollywood v. Kihagi* [(2017)] 16 Cal.App.5th [739,] 755.)" (*Maria Wash v. John Wash* (Jul. 24, 2023, F080399) [nonpub. opn.].) Accordingly, our disposition stated:

> "On remand, the trial court is directed to (1) issue an amended order that requires a driveway easement to be recorded when the lot line adjustment implementing the partition is filed and (2) determine anew which party is entitled to recover attorney fees and legal expenses in accordance with the terms of the judgment." (*Maria Wash v. John Wash* (Jul. 24, 2023, F080399) [nonpub. opn.].)

These two tasks are the focus of the issue presented in this writ proceeding. Phrased using the statutory text, the issue is whether "the trial judge [will] conduct a new trial on the matter." (§ 170.6, subd. (a)(2).)

*Subsequent Trial Court Proceedings*

On July 26, 2023, two days after the opinion in case No. F080399 was filed, the superior court filed and mailed a notice of assignment of judge of all purposes stating the case had been assigned to Judge Hamilton and all future hearings would be scheduled

6.

before him.  This reassignment was made because Judge Hamilton had left the superior court's civil department while the matter was on appeal and returned before our opinion was filed.

On September 19, 2023, less than 60 days after the notice of assignment was mailed, John filed a motion for peremptory challenge to Judge Hamilton.  The motion referred to the paragraph in section 170.6, subdivision (a)(2) authorizing such motions following a reversal on appeal where "the trial judge in the prior proceeding is assigned to conduct a new trial on the matter."

On September 20, 2023, Judge Hamilton filed an order striking John's peremptory challenge.  The order stated section 170.6, subdivision (a)(2) "would apply to a complete reversal *on the merits* of the case as in a trial or other dispositive motion such as summary judgment.  That did not happen here.  There were some points the [Fifth District] ordered the court to reconsider in interpreting the settlement agreement at issue here, along with instructions regarding same.  Thus, the [peremptory challenge] following appeal is contrary to the law."  The order referred to the principle that a retrial is a reexamination of a factual or legal issue that was in controversy in the prior proceeding, citing *Paterno v. Superior Court* (2004) 123 Cal.App.4th 548 (*Paterno*) and *Pfeiffer Venice Properties v. Superior Court* (2003) 107 Cal.App.4th 761 (*Pfeiffer*).  The order then stated a peremptory challenge is permitted where a trial court decision or final judgment was made in conjunction with a trial, the decision was reversed, and the reversal results in a new trial.  The order determined those conditions were not satisfied, stating:  "In this matter, this judge was called upon to interpret and enforce the terms of a settlement agreement between the parties.  There was no trial and, upon remand, there will be no trial."  The order supported its view of what constituted a "trial" by citing *State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 121 Cal.App.4th 490 (*State Farm*).

7.

*Writ Petition*

On October 3, 2023, John filed a petition for writ of mandate challenging the order striking the peremptory challenge.[3]  On December 1, 2023, we issued an order requesting informal briefing from the parties.  In April 2024, after Maria filed an informal response and John filed his reply, this court issued an alternative writ directing the superior court to (1) vacate its September 20, 2023 order striking the motion to disqualify and issue an order granting the motion or (2) show cause before this court why the requested relief should not issue.  The order referred to the principles that (1) a new trial consists of a reexamination that involves revisiting a factual or legal issue that was in controversy in the prior proceeding and (2) even a partial reversal may result in a new trial if the trial court is required to reexamine a single issue previously adjudicated.  Applying those principles, the order stated the trial court had been directed to reexamine an issue previously adjudicated because the opinion in case No. F080399 tasked the trial court with determining anew which party was entitled to recover attorney fees and legal expenses under the terms of the judgment.

In May 2024, Maria advised the superior court that she intended to respond to this court's order and alternative writ—that is, she intended to show cause why John's petition should be denied.  As a result, we (1) ordered Maria, as the real party in interest, to show cause and file a written return and (2) directed John to file a reply.

---

**3**     Remittitur in case No. F080399 was issued by the clerk of this court on October 12, 2023, the day the California Supreme Court denied John's petition for review. Neither side contends the notice of assignment for all purposes, John's peremptory challenge, or the order striking the challenge were premature or invalid because they were filed before our opinion became final and the remittitur returned jurisdiction to the superior court.

**DISCUSSION**

I.    GENERAL PRINCIPLES

    A.    <u>Statutory Text</u>

Section 170.6 allows a party in a civil or criminal case to move to disqualify the assigned judge on affirmation that the judge is prejudiced against the party. (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1252 (*Peracchi*).) Generally, a peremptory challenge must be brought early in the proceedings and a party is limited to a single peremptory challenge per action or proceeding. (*Birts v. Superior Court* (2018) 22 Cal.App.5th 53, 56.) The statute, however, was amended in 1985 with the goal of protecting parties "from the bias that a trial judge might exhibit after a reversal." (*Peracchi*, *supra*, at p. 1262.) As a result, the second paragraph of section 170.6, subdivision (a)(2) authorizes a peremptory challenge after a successful appeal:

> "A motion under this paragraph may be made following *reversal on appeal of a trial court's decision*, or following reversal on appeal of a trial court's final judgment, *if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter*. Notwithstanding paragraph (4), the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (§ 170.6, subd. (a)(2), italics added.)

The relevant legislative history shows the original draft of the 1985 amendment of section 170.6 did not use the term "new trial." The original bill "provided that a peremptory challenge could be made after reversal on appeal where the trial judge in the prior proceedings was assigned 'to rehear the matter.' (Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as introduced Mar. 4, 1985, § 1.) A subsequent version of the bill replaced 'to rehear the matter' with 'for a new trial,' thus limiting the scope of peremptory challenges to 'new trials' that follow reversal on appeal. (See Assem. Bill No. 1213 (1985–1986

9.

Reg. Sess.) as amended May 15, 1985, § 1.)" (*State Farm, supra,* 121 Cal.App.4th at p. 499.)

Section 170.6 does not define the term "new trial." (See *Paterno, supra,* 123 Cal.App.4th at p. 559.) It is, however, defined in another section of the Code of Civil Procedure. (§ 656.) In *Paterno*, the court presumed the Legislature intended to refer to section 656's definition when it amended section 170.6. (*Paterno, supra,* at p. 559.) Section 656 provides in full: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." In *Paterno*, the court acknowledged the definition referred only to the reexamination of factual issues, but concluded it was reasonable to infer the Legislature intended the term new trial to also cover legal issues because the "preceding subdivision of section 170.6 provides that peremptory challenges may be exercised in any proceeding involving a contested issue of law or fact." (*Paterno, supra,* at p. 560; see *Carney v. Simmonds* (1957) 49 Cal.2d 84, 90 ["issues of law may be reexamined on a motion for new trial"].)

B.    <u>Issue Presented</u>

The parties do not dispute how certain parts of the statutory text apply to this case's procedural facts. First, Maria does not contest the timing of John's motion by contending it was not made "following reversal on appeal" or "within 60 days after" notification of Judge Hamilton's assignment. (§ 170.6, subd. (a)(2); see fn. 3, *ante.*) Second, there was a "reversal on appeal of a trial court's decision" (§ 170.6, subd. (a)(2)) because our July 2023 opinion affirmed in part and reversed in part the December 2019 order. Third, Judge Hamilton was the trial judge who issued the December 2019 order and, therefore, he qualifies as "the trial judge in the prior proceeding." (§ 170.6, subd. (a)(2).) Fourth, Judge Hamilton was "assigned to conduct" the proceedings on remand. (§ 170.6, subd. (a)(2).)

With those aspects of the statutory text satisfied, the issue presented is whether Judge Hamilton will "conduct a new trial on the matter" (§ 170.6, subd. (a)(2)) if he, in accordance with our instructions, (1) issues an amended order providing John with a driveway easement and (2) determines anew which party is entitled to recover attorney fees and legal expenses pursuant to the terms of the judgment. The application of the statutory text to the undisputed procedural history of this case presents a question of law subject to de novo review. (See *Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363 [trial court has no discretion in deciding a section 170.6 motion].)

### C.      Case Law Interpreting "New Trial"

#### 1.      *Partial Retrial Cases*

Our discussion of the case law begins with two cases decided before the Supreme Court's decision in *Peracchi, supra*, 30 Cal.4th 1245. (See *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572 (*Stegs*); *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860 (*Hendershot*).) Both cases involved the partial reversal of a judgment after bench trial and a remand to retry a contested issue. They establish the unremarkable principle that there is a new trial for purposes of section 170.6, subdivision (a)(2) even if the retrial addresses only one issue. (*Stegs, supra*, at p. 576.) In *Hendershot*, the court stated a new trial encompassed a posttrial reversal and remand for trial of a contested issue in which trial court discretion or fact determination is involved. (*Hendershot, supra*, at p. 865.)

#### 2.      *Peracchi:  No New Trial - Resentencing*

In 2003, the California Supreme Court filed its only decision addressing the meaning of the term "new trial" in section 170.6, subdivision (a)(2). (*Peracchi, supra*, 30 Cal.4th 1245.) In *Peracchi*, the defendant was convicted of two felonies by a jury and sentenced by the trial court. The appellate court reversed one of the convictions and, on

remand, the only task for the trial judge was to resentence the defendant on the count that was not overturned. (*Peracchi*, *supra*, at pp. 1249–1250, 1254, fn. 5.)

The Supreme Court referred to civil cases adopting a broad definition of "new trial," recognized the Penal Code had its own definition of the term (see Pen. Code, §§ 1179, 1180), and declined to apply the civil law definition in a criminal case. (*Peracchi*, *supra*, 30 Cal.4th at pp. 1259, 1261.) Consequently, the interpretation of "new trial" adopted in *Peracchi* does not apply to this civil case. Nonetheless, the Supreme Court made some general statements about section 170.6 that apply in both the civil and criminal context.

For instance, the court rejected the contention that "the Legislature intended to protect, in *all* circumstances, parties who have prevailed on appeal from the presumed ire or potential bias of trial judges whose rulings have been reversed." (*Peracchi*, *supra*, 30 Cal.4th at p. 1261, original italics.) The court determined the contention was "incompatible with the evolution of the 1985 amendment as it passed through the Legislature. Initially, the language of the proposed amendment apparently would have applied to any hearing on remand, but that language was amended to refer instead to cases in which the trial judge was assigned to conduct a *new trial*." (*Id*. at p. 1262, original italics.) The court explained that protecting parties from potential bias after reversal was a laudable goal but did "not take precedence over every other element of a fair trial. There is no indication that the Legislature intended section 170.6, subdivision [(a)][(2) to permit a peremptory challenge whenever there exists even a *potential* for bias arising out of a judge's reaction to being reversed on appeal, especially when permitting such a challenge would contravene other statutory provisions. [Citation.] Accordingly, we cannot agree … that a section 170.6 challenge will lie whenever the potential exists that a judge who is called upon to exercise discretion might react adversely to a reversal." (*Ibid*.)

12.

### 3. *Paterno: No New Trial - Damages*

About 16 months *Peracchi* was filed, the Third District addressed the meaning of the term "new trial" in a civil case. (*Paterno*, *supra*, 123 Cal.App.4th 548.) There, the plaintiffs argued for a very broad interpretation, contending any remand for resolution of any contested factual or legal issue was a "new trial" for purposes of the statute. (*Paterno*, *supra*, at p. 558.) The Third District stated the Supreme Court's decision in *Peracchi* broke the pattern of giving ever broadening interpretations to the term "new trial" in section 170.6, subdivision (a)(2). The court then narrowly framed the specific question before it: "Where all questions of liability have been determined by the appellate court, does a hearing on remand which is limited to the sole issue of damages constitute a 'new trial' within the meaning of the statute?" (*Paterno, supra,* at p. 559.) The court rejected the plaintiffs' view that any hearing was a new trial, concluding "a new trial must consist of a 'reexamination' " and a reexamination occurs if the trial court "must revisit some factual or legal issue that was in controversy in the prior proceeding." (*Id*. at p. 560.)

Applying that test to the circumstances before it, the Third District identified the unresolved issues by stating the liability issues had been fully and finally settled by its decision in a prior appeal and the only task for the superior court judge was to conduct a trial to determine the amount of damages the plaintiffs had suffered and enter judgment accordingly. (*Paterno*, *supra*, 123 Cal.App.4th at p. 560.) The Third District stated that, in those circumstances, the superior court judge would not go back and revisit any factual or legal terrain that had been traversed, but would go forward on the issue of damages. (*Ibid*.) Consequently, the Third District concluded there would be no new trial on remand and, as a result, upheld the denial of the peremptory challenge.

### 4. *State Farm: No New Trial – Choice-of-law Motion*

In *State Farm*, *supra*, 121 Cal.App.4th 490, the defendant insurance company filed a pretrial choice-of-law motion asserting Illinois law governed the plaintiffs' causes of

action, along with a motion to dismiss. (*Id*. at p. 493.) The trial court ruled California law governed and denied the motion to dismiss. (*Id*. at p. 494.) The insurance company filed a petition for writ of mandate with the Second District, which issued an opinion concluding Illinois law applied and the case should be tried in California. (*Ibid*.) After remand, the plaintiffs filed a peremptory challenge, which the trial court denied. (*Id*. at pp. 494–495.) The plaintiffs filed a writ petition and the Second District issued an order to show cause. (*Id*. at p. 495.) After the matter was briefed and argued, the Second District upheld the denial of plaintiffs' peremptory challenge. (*Id*. at pp. 495, 504.)

The court interpreted section 170.6, subdivision (a)(2) to authorize a peremptory challenge after a reversal "where (1) a trial court's decision or final judgment is made in conjunction with a 'trial' and (2) a subsequent reversal of that decision results in a 'new trial.' " (*State Farm*, *supra*, 121 Cal.App.4th at p. 499.) The court examined several decisions allowing a peremptory challenge after reversal on appeal and stated: "In each of those cases, the trial court had adjudicated the case on the merits or otherwise terminated it, and the Court of Appeal reversed and remanded for additional proceedings." (*Id*. at pp. 500–501.) The court concluded the trial court's decision on the insurance company's motions resolved a conflict of laws issue and preceded any trial in which the plaintiffs' causes of action were tried or otherwise adjudicated and "did not constitute a 'trial.' " (*Id*. at pp. 502, 503.) In other words, the case would proceed towards its first trial or some other disposition. (*Id*. at p. 503.)

### 5. *Burdusis: No New Trial – Class Certification*

In *Burdusis v. Superior Court* (2005) 133 Cal.App.4th 88 (*Burdusis*), the plaintiff filed a peremptory challenge after the Second District reversed an order denying class certification and remanded with directions for the trial court to reconsider the motion to certify in light of a Supreme Court decision and Court of Appeal decision that were not available when the trial court denied certification. (*Id*. at p. 91.) The plaintiff's

14.

peremptory challenge was denied by the trial court. (*Ibid*.) The plaintiff filed a writ petition. The Second District issued an order to show cause and, after the matter was briefed, denied the plaintiff's petition. (*Id*. at pp. 91, 94.)

The Second District's analysis noted the definition of new trial in section 656 and stated that "[o]rdinarily, a motion for a new trial is preceded by a trial, which is, in most instances, an examination of law and fact resulting in a judgment." (*Burdusis*, *supra*, 133 Cal.App.4th at p. 93.) The court recognized this definition of a trial was not exclusive, stating whether a particular proceeding constitutes a trial usually depends upon the language and purpose of the applicable statute, which was section 170.6, subdivision (a)(2) in the case before it. (*Burdusis*, *supra*, at p. 93.) The court interpreted *State Farm*, *supra*, 121 Cal.App.4th 490, as applying these definitions along with section 170.6's purpose to conclude "a pretrial motion that neither reached the merits of the controversy, nor terminated the action, was not a trial that would trigger section 170.6, subdivision (a)(2)." (*Burdusis, supra,* at p. 93.) Adopting the same approach, the Second District stated the class certification "proceeding in the trial court did not address the merits, nor did it terminate the action" and, thus, there had been no trial. (*Ibid*.) As a result, the court did not address the character of the task to be performed by the trial court on remand "because there was no trial, our mandate could not require a retrial." (*Id*. at p. 94.) On that basis, the court concluded the peremptory challenge was properly denied. (*Ibid*.)

### 6. Summary Judgment Cases: Sometimes There Is a New Trial

Two cases involving the reversal of a summary judgment reached different results on whether a new trial would be conducted on remand.

In *Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762, the appellate court had reversed the summary judgment in part and remanded for further proceedings. (*Id*. at p. 766.) After reassignment of the trial judge who granted the

summary judgment motion, the plaintiff filed peremptory challenge, which the trial court rejected. (*Id*. at p. 764.) The plaintiff filed a writ petition, and the Fourth District granted the writ, concluding the plaintiff had the right to disqualify the trial judge. (*Id*. at pp. 764, 766.) The Fourth District's analysis referred to the very broad meaning of the term "new trial" adopted in *Stegs*, *supra*, 233 Cal.App.3d 572 and *Hendershot*, *supra*, 20 Cal.App.4th 860 and the principle that a motion for new trial could be addressed to a summary judgment. (*Stubblefield*, *supra*, at p. 765.) The court determined the proceedings on remand "will be a new trial within the meaning of … section 170.6, subdivision [(a)](2)" because a final judgment had been entered; the "partial reversal require[d] that the case be reopened, with an actual trial if necessary;" and the reversal reflected "the trial judge erred in a crucial decision of law." (*Stubblefield*, *supra*, at p. 766.) The court concluded the potential for bias was obvious and, based on the policy reasons for the 1985 amendments to section 170.6, disqualification of the trial judge was appropriate. (*Stubblefield*, *supra*, at p. 766.)

In *Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, the grant of motion for summary judgment was reversed on procedural grounds—namely, the trial court failed to state the facts and law upon which it based its decision in a sufficiently detailed manner to allow meaningful review. The appellate court did not reach the merits of the trial court's decision. The task on remand was the preparation of an order explaining the trial court's decision, a task only the trial judge who decided the motion could perform. (*Id*. at p. 424.) Because that task did not require a reconsideration of the merits, the appellate court concluded the peremptory challenge under section 170.6, subdivision (a)(2) must be denied and the trial judge who decided the summary judgment motion reassigned to the case. (*Geddes*, *supra*, at p. 427.)

### 7. *Pfeiffer: A New Trial on Postjudgment Attorney Fees*

Another case where the plaintiff's claims were decided on a pretrial motion is *Pfeiffer*, *supra*, 107 Cal.App.4th 761. In *Pfeiffer*, the trial court resolved the action at the pleading stage by striking the plaintiff's entire pleading pursuant to its inherent authority. The plaintiff appealed, but later abandoned the appeal. (*Id.* at p. 763.) The defendants had filed an anti-SLAPP motion under section 425.16, which the court did not reach in deciding to strike the plaintiff's pleading. (*Pfeiffer*, *supra*, at p. 763.) Having won the lawsuit, the defendants filed a motion for attorney fees, which the trial court denied. (*Id.* at p. 764.) The defendants successfully appealed the denial of attorney fees. The appellate court remanded with directions for the trial court to decide the merits of the anti-SLAPP motion to determine whether the defendants were entitled to a statutory fee award. (*Pfeiffer*, *supra*, at p. 764.) After remittitur, the plaintiff filed a peremptory challenge, which the trial court denied. (*Ibid.*) The plaintiff filed a writ petition with the appellate court, which was granted with directions for the trial court to honor the peremptory challenge. (*Id.* at p. 768.) The appellate court concluded, "the trial court must make factual findings regarding the merits of [the defendants'] SLAPP motion to determine the propriety of a fee award. It will be acting in more than a ministerial manner." (*Ibid.*)[4] Accordingly, the appellate court concluded the trial court would be conducting a new trial for purposes of section 170.6, subdivision (a)(2). (*Pfeiffer*, *supra*,

---

[4] The court's statement that the determination of the merits of the section 425.16 motion required the trial court to make factual findings is suspect because the Supreme Court has determined "[t]he grant or denial of an anti-SLAPP motion is reviewed de novo." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788; see *Taylor v. Tesla, Inc.* (2024) 104 Cal.App.5th 75, 80 [de novo review of both steps of the analysis under the anti-SLAPP statute].) Application of the de novo standard implies the questions resolved by the trial court and under review are questions of law, not fact. (See e.g., *Blackburn v. Brady* (2004) 116 Cal.App.4th 670, 676 [whether section 425.16 applies to a particular complaint is a question of law subject to de novo review].)

17.

at p. 768.) "The fact that a postjudgment fee award is at issue does not alter the analysis." (*Ibid*.)

We note the Second District has grouped *Pfeiffer* with *Stubblefield*, *Hendershot*, and *Stegs*, stating that in each case "the trial court had adjudicated the case on the merits or otherwise terminated it, and the Court of Appeal reversed and remanded for additional proceedings." (*State Farm*, *supra*, 121 Cal.App.4th at pp. 500–501.)

8.       *First Federal: A New Trial on Postjudgment Attorney Fees*

In *First Federal Bank of California v. Superior Court* (2006) 143 Cal.App.4th 310 (*First Federal*), a customer sued a bank for paying gambling markers drawn on the customer's account. (*Id*. at p. 312.) After a jury trial, the court entered judgment for the bank, but denied its motion for attorney's fees. The parties appealed and the Second District affirmed the judgment, reversed the denial of attorney fees, and remand for further proceedings on the fees issue. On remand, the bank filed a peremptory challenge. (*Ibid*.) The trial court denied the challenge, concluding the proceedings on the sole issue of the amount of attorney fees was not a new trial. (*Id*. at pp. 312–313.) The bank filed a writ petition with the Second District, which granted the writ and directed the trial court reassign the matter. (*Id*. at pp. 313, 315.)

The court in *First Federal* stated whether there would be a new trial did not turn on whether the issues remanded were limited, but what the trial court must do to resolve those issues. (*First Federal*, *supra*, 143 Cal.App.4th at p. 313.) The Second District determined a retrial is a reexamination of a factual or legal issue that what in controversy in the prior proceeding. (*Id*. at p. 314.) It also stated its earlier cases "concluded that the dividing line in determining whether there had been a trial was whether the trial court's initial decision had 'either addressed the merits or otherwise terminated the case.' " (*Ibid*., citing *Burdusis*, *supra*, 133 Cal.App.4th at p. 93.) The Second District concluded there had been a trial, "even limiting the examination to the attorney's fees motion"

18.

because the trial court determined on the merits that the bank was not entitled to recover its attorney fees. (*First Federal*, *supra*, at p. 315.) That determination was reversed and the matter "remanded for a hearing on the amount to be awarded, a hearing that will require the presentation of evidence and factual and legal determinations as to the nature and amount of the fees sought. Such a reexamination of an issue previously in controversy is a retrial." (*Ibid.*) Based on this broad view of the "issue" determined and reexamined, the majority determined the peremptory challenge should have been granted. The dissent took a narrower view of the "issue" determined, arguing the amount of fees had not been determined previously and, thus, there would be no reexamination of a legal or factual issue on remand. (*Id.* at p. 317.)

## II.     REEXAMINATION OF THE ATTORNEY FEES ISSUE IS A NEW TRIAL

Using the test for a "new trial" adopted in *Paterno*, we consider whether our remand instructions directing the trial court to "determine anew which party is entitled to recover attorney fees and legal expenses in accordance with the terms of the judgment" requires the trial court to reexamine "some factual or legal issue that was in controversy in the prior proceeding." (*Paterno*, *supra*, 123 Cal.App.4th at p. 560.)

Our evaluation of this issue first considers what type of determination the trial court made when its December 2019 order "awarded all cost and attorney's fees reasonably expended to enforce the terms of the Settlement Agreement and Judgment" to Maria. The award was based on an attorney fees provision contained in the settlement agreement and incorporated into the February 2015 judgment. Thus, the underlying basis for the award was contractual. As a result, the provisions of the statute governing the award of attorney fees under a contract, Civil Code section 1717, applied. (See *In re Tobacco Cases I* (2011) 193 Cal.App.4th 1591, 1600 [attorney fees provision in a consent decree is subject to Civ. Code, § 1717].) That statute addresses the prevailing party question by stating:

19.

"The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." (Civ. Code, § 1717, subd. (b)(1).)

Under this statute, when neither side achieves a complete victory, deciding which party prevailed on the claims presented "or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees" is within the trial courts discretion. (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.) As a result, the identification of the prevailing party for purposes of section 1717 normally is reviewed for an abuse of discretion. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751; see *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 217 [trial court given wide discretion in determining which party prevailed]; *U.S. for Use of Palmer Const., Inc. v. Cal State Elec., Inc.* (9th Cir. 1991) 940 F.2d 1260, 1261; *Carmel Fin., LLC v. Schoenmann* (N.D. Cal. 2022) 622 F.Supp.3d 830, 848.) "However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." (*Mountain Air Enterprises, LLC*, *supra*, at p. 751.)

Here, the December 2019 order that Maria was entitled to attorney fees necessarily implies the trial court determined she was "the party who recovered a greater relief in the" dispute about how to enforce the judgment. (Civ. Code, § 1717, subd. (b)(1).) We next consider whether that determination involved a "trial."

If a "new trial" occurs for purposes of section 170.6, subdivision (a)(2) when the trial court must reexamine or "revisit some factual or legal issue that was in controversy in the prior proceeding" (*Paterno*, *supra*, 123 Cal.App.4th at p. 560; § 656), we conclude a "trial" occurs when the trial court first examines or considers "some factual or legal

issue that [is] in controversy in the … proceeding." (*Paterno*, *supra*, at p. 560.) Applying this definition, we conclude the trial court's December 2019 determination that Maria had recovered the greater relief and, thus, was the prevailing party constituted a "trial." (See *First Federal*, *supra*, 143 Cal.App.4th at p. 315 ["there was a trial, even limiting the examination to the attorney's fees motion"]; see also, *Pfeiffer*, *supra*, 107 Cal.App.4th at p. 768 [postjudgment fee award involved a new trial].)

Applying the definition of "new trial" adopted in *Paterno*, we further conclude the trial court's determination on remand of who, if anyone, is the prevailing party will constitute as "new trial" because the court will (1) reexamine the issue of who obtained the greater relief in light of our determination that John was entitled to a driveway easement and (2) exercise its discretion.

Consequently, the peremptory challenge under section 170.6, subdivision (a)(2) should have been granted.

## III. SCOPE OF THE WRIT

During oral argument, the parties suggested this court should address how the next superior court judge assigned to the case should proceed. For instance, counsel for Maria suggested this court direct the new judge to review all of the circumstances before completing the further proceedings required by our July 2023 opinion. John suggested this court include directions to change the venue. These subjects, along with the implementation of the lot line adjustment and the preparation and recordation of the driveway easement, are beyond the scope of the issues raised by the writ petition challenging the rejection of John's peremptory challenge and, therefore, cannot be addressed in the writ of mandate issued in this proceeding.

## DISPOSITION

Let a writ of mandate issue directing respondent Fresno County Superior Court in case No. 09CECG00933 to (1) vacate its September 20, 2023 order striking the

peremptory challenge filed by petitioner John Wash; (2) enter a new order accepting the peremptory challenge; and (3) transfer the matter to a judge other than the Honorable Jeffrey Y. Hamilton, Jr.  The alternative writ, having served its function, is discharged.

Petitioner shall recover his costs for his writ petition and the proceedings in this court related to that writ petition in accordance with California Rules of Court, rule 8.493(a)(1)(A).


FRANSON, Acting P. J.

WE CONCUR:


SMITH, J.


DE SANTOS, J.